IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC JASON FULLER,

        Plaintiff,                              CV F 03 6841 OWW WMW   P

   vs.                                    FINDINGS AND RECOMMENDATION
RE MOTION TO DISMISS
(DOCUMENT 25)

C/O THISSEN, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se.  Pending before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) and 12(b)(6). Plaintiff has opposed the motion.

        This action proceeds on the original complaint filed on December 15, 2003. Plaintiff, an inmate in the custody of the California Department of Corrections at Mule Creek State Prison, brings this action against correctional officials for the use of excessive force and for deliberate indifference to a threat to Plaintiff's safety.   On January 26, 2001, Plaintiff filed a complaint against the same Defendants for excessive force and deliberate indifference.  On April 25, 2003, Plaintiff's complaint was dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

1

Allegations[1]

Plaintiff alleges claims for deliberate indifference to his safety and the use of excessive force. Plaintiff makes various contentions in support of his allegations. Specifically, Plaintiff alleges that on July 7, 2000, Defendant Thissen ignored Inmate Norris Lee's complaints that, as a result of his property being stolen by Plaintiff, Inmate Taylor, and Inmate Pates, inmates were threatening violence against Plaintiff and other inmates.

On July 8, 2000, Plaintiff alleges that Defendants Atkins and Harlow also refused to act on the complaints from Inmate Lee.

On July 9, 2000, Defendants Hough and Mounce refused Inmate lee and Taylor's request to bring together Plaintiff and Inmates Pates and Watkins to try and resolve the property dispute and in an "attempt to thwart violence from erupting."

On July 10, 2000, during "morning feed," Plaintiff was "assaulted" by Inmate Lee and suffered physical injuries. After the attack, Plaintiff informed Defendant Adams "that his life would be in danger and requested administrative segregation placement." Defendant Adams denied Plaintiff's request and returned him to his cell.

At approximately 1:30 p.m. on July 10, 2000, Defendant Hough and Correctional Officer Nash arrived at Plaintiff's cell to get his cellmate's property. At that time, Plaintiff told Defendant Hough and Correctional Officer Nash of the threat to his safety. Defendant Hough and Correctional Officer Nash "then went and summond [sic] Defendants Sgt. V. Adams, R. Mounce, and M. Hernandez ..." Defendant Adams ordered Plaintiff's cell door open and directed Plaintiff to step out of the cell and place his hands on the cell door. Plaintiff alleges that as he began to comply, Defendant Adams began shouting "take him down" and, "without cause or justification" Defendant V. Adams began "striking Plaintiff to the back of the head and neck

---

[1] Plaintiff does not challenge Defendants' statement of Plaintiff's allegations. The court will therefore recite the statement of allegations in Defendants' motion.

arera [sic]." Defendant Hernandez put Plaintiff in a choke hold and Correctional Officer Nash sprayed pepper spray at Plaintiff. Plaintiff passed out, and when he regained consciousness, Defendant Mounce was "twisting Plaintiff's arms" and "pulling plaintiffs [sic] hair." Plaintiff was then handcuffed, shackled, and carried to a holding cell. Plaintiff told Defendant Adams that he had pepper spray in his eyes and that the handcuff and shackles were too tight. Plaintiff alleges that he was "held in that position for approximately one hour" before the handcuffs and shackles were loosened and the was allowed to wash the pepper spray from his eyes.

### Statue of Limitations

Defendants argue that Plaintiff's claims are time-barred because he brought this suit after the expiration of the statute of limitations.

Because section 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in section 1983 suits. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). In California, the applicable statute of limitations for section 1983 claims is one year. Cal. Civ. Proc. Code § 340(3). Section 352.1(a) does provide two years of tolling if the person is imprisoned on a criminal charge for a term less than life. Exhibit C to Defendants' motion to dismiss is a copy of the abstract of judgment indicating Plaintiff's sentence and commitment to state prison. The judgment reflects that Plaintiff was sentenced to life without the possibility of parole on the first count of a multiple count conviction. Plaintiff is therefore not entitled to the two year tolling provision provided by Section 352.1(a).

The California legislature amended the statute of limitations, effective January 1, 2003. Cal. Civ. Proc. Code § 335.1. Plaintiff argues that section 335.1, which extended the statute of limitations to two years, applies to this action, as the claim was pending on January 1, 2003. Plaintiff does not benefit from this new two-year statute of limitations; since his claims

accrued before January 1, 2003, the one-year statute governs. *See* Krusesky v. Baugh, 138 Cal.App.3d 562, (1982) ("[S]tatute[s][are] presumed to be prospective only and will not be applied retroactively unless such intention clearly applies in the language of the statute itself."); *see also* Landgraf v. USI Film Products, 511 U.S. 244, 265-66 (1994) ("[T]he 'principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.' ). Nothing in the legislation extending California's personal-injury limitations period suggests that the California Legislature intended § 335.1 to apply retroactively, except to claims made by victims of terrorist actions on September 11, 2001. *See* Cal. Senate Bill 688, sections © & (d). Abrieu v. Ramirez, 284 F.Supp.2d 1250, 1255 (C.D. Cal. 2003). Plaintiff does not fall within this narrow exception. The Ninth Circuit has held that § 335.1 does not apply retroactively. Maldonaldo v. Harris, 370 F.3d 945, 955 (9th Cir. 2004).

Defendants argue that this action is not saved by equitable tolling. The initial compliant in this action was filed on January 26, 2001, and ultimately dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies on April 25, 2003. Though the court found that Plaintiff exhausted his administrative remedies on August 10, 2001, McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) mandated dismissal for actions filed while exhaustion was pending. The action was re-filed on December 15, 2003. This action is not discernibly different from the earlier action.

Plaintiff contends that his efforts to exhaust his remedies prior to re-filing this action after dismissal for failure to exhaust entitled him to equitable tolling. "The doctrine of equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). The rules for equitable tolling are borrowed from the forum state. Cervantes, 5 F.3d at 1275. "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2)

Case 1:03-cv-06841-OWW-WMW   Document 39   Filed 02/28/07   Page 5 of 9

defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" Fink v. Shedler, 192 F.3d 911, 196 (9th Cir. 1999)(quoting Bacon v. City of Los Angeles, 843 F.3d 372, 374 (9th Cir. 1988)).

In Ervin v. Los Angels County, 848 F.2d 1018, 1020 (9th Cir. 1988), the court found that appellant failed to show that she acted reasonably and in good faith by delaying the filing of her federal civil rights action beyond the statutory limitations period.  In order for Plaintiff to benefit from equitable tolling, he must show that he acted reasonably and in good faith in delaying the filing of his complaint.

Plaintiff argues that the delay in 2003 was due to his efforts at exhausting claims that were unexhausted in the original action.  The earlier action, CV F 01 5102, was dismissed on April 25, 2003.  In his opposition, Plaintiff states that he filed an inmate grievance "in an attempt to exhaust some unexhausted claims in plaintiff's complaint."  The appeal was returned on April 22, 2003, with the notation that it was a duplicate to Plaintiff's first appeal and that Plaintiff had "exhausted all is administrative remedies with the first appeal."  Plaintiff refers to his Exhibit A.  Plaintiff's Exhibit A is a copy if an Inmate/Parolee Appeals Screening Form, indicating that as to grievance no. SATFC-00-3174, Plaintiff had exhausted his administrative remedies.  That grievance challenged the conduct of C/O Thiessen, Atkins and Harlow for their failure to protect Plaintiff.

The recommendation of dismissal of the earlier case, adopted in its entirety by the District Court, recommended that "defendants Thissen, Akins, Harlow, Hough and Mounce are entitled to dismissal of the failure to protect claim against them on the ground that Plaintiff failed to exhaust his available administrative remedies prior to filing suit.  The court found that Plaintiff's inmate appeal did grieve the facts at issue in his excessive force claim against Adams, Hernandez and Mounce, and his failure to protect claim against Adams.  Because Plaintiff was specifically advised that he had exhausted his excessive force claim against Adams, Hernandez

5

1  Mounce, as well has his failure to protect claim against Adams, he is not entitled to equitable
2  tolling for any delay related to attempts at exhausting those claims.  Those claims were found to
3  have been exhausted.  Plaintiff, serving a sentence of life without the possibility of parole,
4  therefore had one year from the date of accrual of those claims to bring his action in federal
5  court.

6  The conduct at issue in this lawsuit occurred on  July 10, 2000.  The complaint
7  was filed on January 26, 2001, over 5 months from the date of accrual.  The earlier case was
8  dismissed on April 25, 2003.  Plaintiff did not re-file until December 15, 2003, over seven
9  months later.  Therefore, those claims that were exhausted are time-barred by the statute of
10 limitations.   The earlier order of dismissal indicates that Plaintiff did not grieve the facts at
11  issue in has failure to protect claim against defendants Thissen, Akins, Harlow and Mounce.
12 Plaintiff is therefore entitled to equitable tolling for his attempts at exhausting this claim.
13 Defendants' motion to dismissed as time-barred should be denied as to this claim.

Exhaustion

15 Defendants argue that Plaintiff failed to exhaust his failure to protect claim.[2]  In
16 California, there are four levels of review - informal level, first formal level, second formal level,
17 and third formal level.  The third formal level constitutes the Director's decision on appeal.  Cal.
18 Code Regs. Tit. 15, § 3084.5(e)(2).  Defendants refer the Court to Exhibit D to their motion to
19 dismiss.  Exhibit D is the declaration of N. Grannis, Chief of the Inmate Appeals Branch.  The
20 Grannis declaration indicates that Plaintiff filed one appeal regarding Defendants Adams and
21 Hough's deliberate indifference to his safety.  That appeal, log no. 00-03174, was denied at the
22 Director's Level on August 10, 2001.  Attachment 1 to Exhibit D is the grievance filed by

---

[2]Defendants Akins and Harlow have not been served with the summons and complaint and are not represented by the California's Office of the Attorney General.  However, counsel for Defendant Thissen notes that to the extent that the motion to dismiss for failure to exhaust is granted as to Defendant Thissen, it should also apply to these named, yet unserved, defendants.

6

1  Plaintiff.  In the grievance, Plaintiff specifies that he advised Sergeant Adams of his request to be
2  sent to Administrative Segregation based upon safety concerns.   Plaintiff also specifically noted
3  in his grievance that he informed C/O Hough and C/O Nash that his life was in danger.  There is
4  no mention of Defendants Thissen, Akins or Harlow.
5          Defendants argue that, at a minimum, a prisoner's grievance must address all
6  claims being brought, and advise correctional authorities by description of all persons against
7  whom claims might be brought.  Irvin v. Zamora, 161 F.Supp.2d 1115, 1127 (S.D. Cal. 2001).
8  Defendants also cite Curry v. Scott, 249 F.3d 493, 504 (6th Cir. 2001)(a prisoner must identify
9  every person that he ultimately intends to sue during the administrative process in order to
10  satisfy the exhaustion requirement).
11          Recently, the U.S. Supreme Court, in Jones v. Bock, 549 U.S. __, (January 22,
12  2007), in addressing a similar argument, held that the level of detail necessary in a grievance  is
13  defined by the prison's requirements and not the PLRA.   Specifically, the court held that
14  compliance with prison grievance procedures is all that is required by the PLRA to properly
15  exhaust.  Id.  The court held that in the absence of a prison grievance procedure mandating the
16  naming of each individual, the Sixth Circuit's rule imposing such a prerequisite to proper
17  exhaustion is unwarranted.   The prison policy at issue in that case did not contain any provision
18  specifying who must be named in a grievance.
19          Title 15, section 3084.1 of the California Administrative Code allows for appeal of
20  any "departmental decision, action, condition, or policy which they can demonstrate as having an
21  adverse effect upon their welfare."    The grievance form CDC Form 602, recites the above
22  instruction and directs the inmate to "describe problem."  There is nothing on the grievance form
23  or in the regulations requiring an inmate to identify the particular individual involved.  While Jones
24  holds that a failure to name an individual does not, per se, indicate a failure to exhaust, it does not
25  relieve Plaintiff of the requirement to allow a prison to "address complaints about the program it
26

administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record. See *id.,* at ___ (slip op., at 6-8); *Porter*, 534 U.S. at 524-525. " The court looks to Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) in noting that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation." Id.

In order to properly exhaust his claim, therefore, Plaintiff must have given prison officials notice of the problem at issue. As opposed to a claim of a particular incident, the issue here is deliberate indifference to his safety on the part of Thissen, Akins and Harlow. The problem is not deliberate indifference in general, but he subjective knowledge of Thissen, Akins and Harlow in particular. Plaintiff is not challenging the conditions of his confinement in general , but the deliberate indifference of these three individuals. The CDC Form 602 allows prisoners to appeal "any policy, action or decision." The only decisions at issue in the grievance are those of Sergeant Adams and Correctional Officers Hough and Nash. Though the attack on Plaintiff was a single incident, the decisions that resulted in Plaintiff's exposure are separate incidents. The Court finds that Plaintiff has not exhausted his administrative remedies as to Defendants Thissen, Akins and Harlow.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss as time-barred be granted as to the excessive force claim.

2. Plaintiff's failure to protect claims be dismissed for Plaintiffs' failure to exhaust his available administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within

thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

       IT IS SO ORDERED.

**Dated:     February 28, 2007**              /s/  **William M. Wunderlich**
mmkd34                               UNITED STATES MAGISTRATE JUDGE